**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gary Greenburg, | ) | No. CV 05-2586-PHX-JAT |
| Plaintiff, | ) | |
| vs. | ) | |
| View at Gold Canyon Ranch RV Park; et al., | ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' Motion to Dismiss Based on Plaintiff's Fraud on the Court pursuant to the Court's inherent power to police itself against fraud and Federal Rule of Civil Procedure 11 ("Rule 11") (Doc. #68).  The Court takes judicial notice of Judge Susan Bolton's Order dated February 16, 2006 in the related matter entitled *Greenburg v. Roberts Properties Ltd., et al.*, Case No. CV 04-0001-PHX-SRB (the "First Action").  For the following reasons, the Motion to Dismiss will be granted.

/ / /

## I.      INTRODUCTION

This dispute is over certain construction modifications and alterations that Plaintiff and his wife, Barbara Greenburg, made to their RV park model home located in the Gold Canyon RV & Golf Resort ("Resort").  Before signing a lease to become a tenant in Defendants' Resort, Plaintiff received written permission from the Resort's manager, Defendant Craig Pat Suddarth ("Suddarth"), to construct a mobile home according to certain specifications (the "First Plans").  Plaintiff did not construct his home according to those specifications, and said it was because Suddarth gave written approval for two sets of modifications to the original plans (respectively, the "Second Plans" and "Third Plans").  Defendants contend that Suddarth did not approve such modifications, but that Plaintiff forged Suddarth's signature on the Second and Third Plans.  When Defendants informed Plaintiff that his home must be constructed in accordance with the First Plans, Plaintiff refused to comply, and eventually filed the First Action.

The First Action, Case No. CV 04-0001-PHX-SRB, was filed in January of 2004 in the United States District Court for the District of Arizona.  At issue in the case was the authenticity of the signatures.  On August 22, 2005, Defendants in the First Action served the expert report of handwriting expert, William J. Flynn, on Plaintiff.  That report concluded that the signatures were forgeries.  Following disclosure of their expert's opinion, Defendants in the First Action filed a Motion to Dismiss and Request for Default Judgment Due to Plaintiff's Fraud on the Court, Forgery and Perjury dated September 26, 2005.  The motion prompted Judge Bolton to hold an evidentiary hearing to resolve the issue of whether Suddarth's signatures on the Second and Third Plans were forgeries.  That hearing lasted part of two days, January 9, 2006 and February 3, 2006.

At the evidentiary hearing Defendants called only one witness, but the testimony of a second witness is part of the record.  The testimony of the second witness is Suddarth's declaration in which he states, under oath, that while he signed and approved the First Plans, he never signed or even saw the Second or Third Plans. Defendants' sole witness was Mr. Flynn, a forensic document examiner who was permitted to testify as an expert.  Flynn

1   personally examined the signatures on the Second and Third Plans on two occasions.  His

2   analysis of the signatures led him to the conclusion that both were scanned then printed onto

3   the respective documents using an inkjet printer.  He also concluded the word "Approved"

4   above the signatures was scanned then inkjet printed.  Flynn stated that he was 100 percent

5   certain of his conclusions.[1]

6          Plaintiff's evidence, all of which was presented on the second day of the evidentiary

7   hearing, consisted mainly of his denial that he fabricated Suddarth's signature on the Second

8   and Third Plans.  Plaintiff urged the Court to examine the signatures for signs of indentation

9   that were caused when Suddarth allegedly signed the documents.  Such indentations,

10  according to Plaintiff would be inconsistent with marks made by an inkjet printer, which is

11  non-impact.  Plaintiff did not offer any expert testimony to refute any of Flynn's conclusions.

12  Consequently, on February 16, 2006, Judge Bolton entered an Order (the "Order") dismissing

13  the First Action and finding Plaintiff to be a perjurer and a forger.  In addition, Plaintiff was

14  ordered to pay all costs and attorneys' fees incurred by Defendants in defending the case.

15  In that Order, Judge Bolton wrote, "[t]here is no doubt whatsoever that Suddarth's signatures

16  on [the Second and Third Plans] are forgeries and that Plaintiff is the forger."  [Ex. A to

17  Defendant's Motion 11:21-22.]

18         Additionally, in the Order Judge Bolton outlined Plaintiff's "despicable" behavior

19  between the two days that the evidentiary hearing occurred.  During that interval, the Court

20  file, which contained the Second and Third Plans, was in the Court's possession the entire

21  time, except when Plaintiff requested and viewed the file on January 13, 2006.  Interestingly,

22  the second day of the hearing was the first time that Plaintiff made any mention of

23  indentation.  The Court was surprised because it had closely examined the signatures before

24  the first day of the hearing and had not noticed any indentations.  The Court found it

25  inconceivable that Flynn, one of the country's leading handwriting experts who examined

26

27         [1] See Judge Bolton's Order for a detailed explanation of Mr. William J. Flynn's

28  methods of analysis, findings and conclusions.

1   the documents for nearly two hours, would not have noticed them.  Furthermore,  the Court

2   found that the indentations appear at a noticeable distance from the lines allegedly

3   constituting Suddarth's signature.  This led the Court to conclude that the "only plausible

4   explanation is that Plaintiff checked out the Court file and used some sort of pointed

5   instrument to create the appearance that Suddarth had actually signed the documents."  [Ex.

6   A to Defendant's Motion 10:13-15.]

7       While the first action was still pending, Plaintiff filed the present action, *Greenburg*

8   *v. Roberts properties, LP, et al.*, Case No. CV 05-2586-PHX-JAT (the "Second Action") on

9   August 29, 2005.  The Second Action arises from the same dispute over Plaintiff's fraudulent

10  construction plans.  More specifically, Plaintiff's claims in the present action arise out of the

11  construction dispute at the Resort, and the fraudulent allegations made by Plaintiff in the First

12  Action.

13      On May 1, 2006, Defendants filed their Motion to Dismiss Based on Plaintiff's Fraud

14  on the Court pursuant to the Court's inherent power to police its docket and Rule 11 of the

15  Federal Rules of Civil Procedure.  Thereafter, on May 2, 2006, Defendant Pavneet Singh

16  Uppal filed his Joinder in Motion to Dismiss Based on Plaintiff's Fraud on the Court.

17  **II.    LEGAL STANDARDS**

18      **A.  Judicial Notice**

19      A federal court may take judicial notice of judicial proceedings and filings, both

20  within and without the federal judicial system, which have a "direct relation to the matter at

21  issue."  *Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir.

22  1992) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

23  The proceedings before Judge Bolton's Court were "directly related" to the matters at issue

24  in this case.  At issue in the First Action was whether Suddarth's signatures on the Second

25  and Third Plans were forgeries.  Likewise, the matter at issue in the Second Action is

26  whether Suddarth's signatures on the Second and Third Plans are forgeries.  Accordingly,

27  the Court takes judicial notice of Judge Bolton's Order dated February 16, 2006 in the related

28  matter entitled *Greenburg v. Roberts Properties Ltd., et al.*, Case No. CV 04-0001-PHX-

1    SRB.

2         **B.   Collateral Estoppel**

3         "The party asserting preclusion bears the burden of showing with clarity and certainty

4    what was determined by the prior judgment." *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d

5    1318, 1321 (9th Cir. 1992).  Here, Defendants have shown with clarity and certainty what

6    was determined by Judge Bolton's prior judgment.  Namely, that Plaintiff forged the

7    signatures.

8         Specifically, "[t]o foreclose relitigation of an issue under collateral estoppel [in the

9    9th Circuit]:  (1) the issue at stake must be identical to the one alleged in the prior litigation;

10   (2) the issue must have been actually litigated in the prior litigation; and (3) the determination

11   of the issue in the prior litigation must have been a critical and necessary part of the judgment

12   in the earlier action." *Id.* at 1320.  In the First Action, the issue at stake was whether Plaintiff

13   received written authorizations for the disputed construction modifications.  Here, the entire

14   premise of Plaintiff's complaint in the Second Action presumes that the signatures are valid.

15   Plaintiff proclaims numerous times that he is not a forger or perjurer throughout his Response

16   to Defendants' Motion to Dismiss (Doc. #70).  Indeed, this issue was extensively litigated

17   in the First Action and the determination of the authenticity of the signatures was a critical

18   and necessary part of the judgment in the First Action.  Thus, collateral estoppel applies.

19   Therefore, Plaintiff cannot relitigate whether the signatures are valid.

20        The factual allegations in the First and Second Actions are the same in that each cause

21   of action pled in the Second Action arises from the same fraudulent signatures and disputes

22   as those in the First Action.  Based on collateral estoppel, Plaintiff cannot relitigate whether

23   the signatures are valid.  Thus, because the signatures are deemed to be forgeries and because

24   all causes of action in the complaint depend on the signatures being valid, the complaint is

25

26

27

28

1   dismissed for failure to state a claim.[2] Fed. R. Civ. P. 12(b)(6).

2       **C. Sanctions**

3       "Three primary sources of authority enable courts to sanction parties or their lawyers

4   for improper conduct:  (1) Federal Rule of Civil Procedure 11, which applies to signed

5   writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that

6   unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power."

7   *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

8       Rule 11 justifies sanctions "when a filing is frivolous, legally unreasonable, or without

9   factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of L.A.*,

10  120 F.3d 982, 985 (9th Cir. 1997).  A "frivolous" filing is one that is "both baseless and

11  made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*,

12  929 F.2d 1358, 1362 (9th Cir. 1990).  Plaintiff verified his complaint.  Thus, Rule 11

13  sanctions are justified because Plaintiff brought an action based on forged documents which

14  he forged.  In other words, the First and Second Actions were premised upon Plaintiff's lies.

15      28 U.S.C. 1927 applies to pro se litigants.  *Wages v. Internal Revenue Service*, 915

16  F.2d 1230, 1235 (9th Cir. 1990).  Thus, sanctions for "unreasonably and vexatiously"

17  multiplying the proceedings may be imposed upon the *pro se* plaintiff.  *Id*.  Here, *pro se*

18  Plaintiff "unreasonably and vexatiously" multiplied the proceedings by filing the Second

19  Action based on the same acts of forgery.

20      With respect to the third source, "the federal courts [have] inherent power to levy

21  sanctions, including attorneys' fees, for 'willful disobedience of a court order ... or when the

22  losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Fink*,

23  239 F.3d 989, 991.  *See also Aloe Vera v. United States*, 381 F.3d 986 (9th Cir. 2004); *Aloe*

24  *Vera v. United States*, 376 F.3d 960 (9th Cir. 2004).  Plaintiff's has acted willfully and in bad

25

26      [2] A court may not dismiss a complaint for failure to state a claim "unless it appears
27  beyond doubt that the plaintiff can prove no set of facts in support of his claims which would
    entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citing *Buckley v.*
28  *Los Angeles*, 957 F.2d 652, 654 (9th Cir. 1992))

1  faith.  As Judge Bolton proclaimed in the Order, "[j]ustice demands the harsh treatment of

2  such behavior."  [Ex. A to Defendant's Motion 1:6-7.]

3         Fraud on the Court cannot and will not be tolerated.  The Court having already

4  concluded that there was fraud, alternatively dismisses Plaintiff's complaint as a sanction.

5  Additionally, the Court imposes all costs and attorneys' fees incurred by Defendants in

6  defending this case on Plaintiff as a further sanction.

7  **III.    CONCLUSION**

8         Based on the foregoing,

9         **IT IS ORDERED** that Defendants' Motion to Dismiss Based on Plaintiff's Fraud on

10 the Court  (Doc. #68, Doc. #69) is **GRANTED**.  Therefore, Plaintiff's Second Amended

11 Complaint, in its entirety, is dismissed with prejudice and the Clerk of the Court shall enter

12 judgment accordingly.

13        **IT IS FURTHER ORDERED** that as a sanction Plaintiff shall pay all costs and

14 attorneys' fees incurred by Defendants in defending this case.

15        **IT IS FURTHER ORDERED** that Defendants shall submit an application for

16 attorneys' fees and costs within thirty days of this Order.

17        **IT IS FURTHER ORDERED** that all other pending motions (Doc. # 38 [Motion to

18 Dismiss], Doc. #38 [Motion to Strike], Doc. #40, Doc. #52) are **DENIED AS MOOT.**

19        DATED this 11th day of September, 2006.

20

21

22        _____

23                James A. Teilborg
                United States District Judge

24

25

26

27

28

- 7 -